U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 24 2013
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUSSAIN KAMAL, 69018-061, | § | |
| Petitioner, | § | |
| | § | 3:12-CV-4348-D |
| v. | § | 3:10-CR-0159-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I. Procedural Background

A jury found Petitioner guilty of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b), and traveling in interstate commerce for the purpose of engaging in illicit sexual acts with a person believed to be fourteen years old, in violation of 18 U.S.C. § 2423(b) and (e). The Court sentenced him to an aggregate term of 235 months in prison. On September 17, 2012, the Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. *United States v. Kamal*, 488 Fed Appx. 871 (5th Cir. 2012).

On October 22, 2012, Petitioner filed the instant petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. He argues:

    1.    He received ineffective assistance of counsel when:

        A.    counsel agreed to a trial continuance;

        B.     counsel failed to challenge the Court's jurisdiction;

        C.     counsel failed to argue his convictions were multiplicitous;

        D.     counsel failed to impeach witnesses at trial;

        E.     counsel refused to present an entrapment defense;

        F.     counsel failed to request that the Court set aside the verdict;

        G.     counsel failed to present mitigating evidence;

        H.     appellate counsel failed to present grounds requested by Petitioner;

2.     He is actually innocent;

3.     The Court erroneously admitted evidence;

4.     The Court lacked jurisdiction;

5.     The statutes underlying Petitioner's convictions were unconstitutional; and

6.     The sentence is greater than necessary.[1]

## II. Factual Background

The following factual background is taken from the Fifth Circuit's opinion on direct appeal.

> In May, 2008, Kamal began an online relationship with an adult volunteer posing as a 14-year-old female using the [name "Devin" and the] online moniker "emotastic93." Throughout May and June 2008, Kamal and [Devin] chatted regularly by instant message. The conversations became sexually explicit and culminated in Kamal traveling to Greenville, Texas to meet with [Devin]. The adult volunteer notified local law enforcement of the meeting. When Kamal arrived at the agreed meeting location, he was arrested by local law enforcement. In Kamal's car, local law enforcement found a teddy bear, condoms, Viagra, a digital camera, a computer, and separate hard drives. In a post-

---

[1] Respondent argues that Petitioner's claims, except for his ineffective assistance of counsel claims, are procedurally barred because Petitioner failed to raise the claims on direct review. Petitioner argues these claims were not raised on direct appeal because of ineffective assistance of appellate counsel. The Court therefore analyzes these claims on the merits.

arrest statement, Kamal admitted he thought he would be meeting a 14-year-old girl, that he did not plan to have sexual intercourse with her but would have had she wanted, that he had discussed taking nude photographs of her and himself, and that they had discussed having sexual intercourse. Kamal was charged in the United States District Court for the Northern District of Texas with enticement of a minor and travel with the intent to engage in a sexual act with a minor. After a trial, the jury found Kamal guilty on both counts.

*Kamal*, 488 Fed. Appx. at 871.

### III. Discussion

**1.    Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. Trial Continuance

Petitioner argues his counsel was ineffective because counsel did not oppose the government's motion for continuance. Petitioner states prosecutors sought a continuance because they could not locate their main witness, and that had his counsel opposed the motion, Petitioner "would most likely be a free man." (Pet. Mem. at 2.)

Petitioner has failed to show he was prejudiced by his counsel's conduct. The record shows the government abandoned its motion for a trial continuance, and the Court denied the motion as moot. (Feb. 11, 2011, Elec. Minute Entry (denying motion as moot)). Petitioner's claim should be denied.

### B. Jurisdiction

Petitioner argues his counsel was ineffective because counsel failed to argue that the Court lacked jurisdiction under the Commerce Clause.

Petitioner was charged under 18 U.S.C § 2423(b) with traveling in interstate commerce for the purpose of engaging in illicit sexual acts with a person he believed to be fourteen years old. Petitioner argues he was returning to Texas after visiting with family in Ohio, so he would have traveled to Texas regardless of any planned meeting with Devin. Therefore, his travel was not for the purpose of engaging in illicit sexual contact. Under § 2423(b), however, the government is not required to prove that Petitioner's interstate travel was motivated *only* by Petitioner's criminal purpose. *United States v. Garcia-Lopez*, 234 F.3d 217, 220 (5th Cir. 2000). The government must simply prove that it was one of the motives or purposes of the travel, and was not merely incidental to the travel. *Id.* In this case, the jury determined that Petitioner's criminal purpose was not merely incidental to his travel. Petitioner's claim should be denied.

Petitioner states the Court also lacked jurisdiction under §2422(b), attempted enticement of a minor, because use of the internet or the phones is insufficient to establish a connection to interstate commerce. The Fifth Circuit, however, has determined that use of the internet and email are facilities or means of interstate commerce under § 2422(b). *See United States v. Barlow*, 568 F.3d 25, 220-21 (5th Cir. 2009); *see also, United States v. Marek*, 238 F.3d 310, 318 (5th Cir. 2001) (en banc) ("Interstate commerce facilities that have created a criminal federal jurisdictional nexus during intrastate use include telephones . . . "). Petitioner's claim is without merit.

### C. Constitutional Statutes

Petitioner argues that § 2422(b) and § 2423(b) are unconstitutional under the Commerce Clause. Petitioner's claim is without merit. *See United States v. Bredimus*, 352 F.3d 200, 205 (5th Cir. 2003) (holding § 2423(b) constitutional); *United States v. Tykarsky*, 446 F.3d 458, 470 (3rd Cir. 2006) ("[B]oth § 2423(b) and § 2422(b) represent constitutional exercises of Congress's Commerce Clause power to regulate the use of the channels and instrumentalities of interstate commerce."). Petitioner has failed to show that his counsel was ineffective for failing to raise this claims.

### D. Admission of Evidence

Petitioner argues his counsel was "lax" in challenging the admission of evidence retrieved from an external hard drive located in Petitioner's car. The hard drive contained pornographic images entitled "sexy teen" which depicted a girl of unknown age, and prior Internet chats that showed Petitioner engaged in suggestive communications with others, including an individual who claimed to be a 16 year old girl named Candi. Petitioner argues the evidence should not

have been admitted because it was highly prejudicial and had no probative value. He also states there is no evidence that the girl depicted in the "sexyteen" photos was a minor, or that the person named Candi was a minor.

At trial, the government sought to introduce this evidence under Fed. R. Evid. 404(b) to show intent or state of mind, and also to rebut Petitioner's defense of entrapment. (Trial Tr. Vol. 2 at 177-78.) Defense counsel objected, arguing the evidence was highly prejudicial and had no probative value. (*Id.* at 177-179.) Defense counsel also argued there was no evidence that the girl depicted in the "sexyteen" photos was a minor. (*Id.* at 179-80.) Defense counsel therefore raised the arguments that Petitioner raises in his petition. The Court overruled defense counsel's objections and admitted this evidence. (*Id.* at 185.) Petitioner's claim should be denied.

### E.  Multiplicity

Petitioner argues his counsel was ineffective for failing to argue that his convictions were multiplicitous. In general, "multiplicity" is the charging of a single offense under more than one count of the indictment. *United States v. Soape*, 169 F.3d 257, 266 (5th Cir. 1999). The Court must determine "whether separate and distinct prohibited acts, made punishable by law, have been committed." *United States v. Reedy*, 304 F.3d 358, 363-64 (5th Cir. 2000).

In this case, the charges were not multiplicitous. To prove attempted child enticement under § 2422(b), the government was required to show that Petitioner used a facility of interstate commerce, that he intended to coerce a person whom he believed to be a minor into illegal sexual contact, and he took a substantial step toward persuasion or enticement. *United States v. Olvera*, 687 F.3d 645, 647 (5th Cir. 2012) (per curiam). In contrast, to prove a violation of § 2423(b), the government was required to prove that Petitioner actually traveled in interstate or foreign

commerce for the purposed of engaging in illicit sexual contact. *Bredimus*, 352 F.3d at 208. Petitioner's claim is without merit.

### F.   Impeachment

Petitioner argues his counsel was ineffective because counsel failed to impeach Bethany Inman, who was the person who posed as "Devin". He states Inman originally testified that she made phone calls and conducted Internet chats with Petitioner, but on the witness stand she stated she only conducted Internet chats. Although Petitioner cites to grand jury testimony for this claim, he has failed to submit any grand jury testimony or other evidence of a contradiction. He has also failed to show that but for his counsel's failure to raise this alleged contradiction, there is a reasonable probability that the results of the trial would have been different.

### G.   Entrapment Defense

Petitioner argues his counsel was ineffective for failing to pursue an entrapment defense. The record shows, however, that defense counsel did argue for an entrapment defense and was successful in obtaining a jury instruction on entrapment. (Trial Tr. Vol. 3 at 87-88; Jury Charge at 8-9.) Defense counsel also raised the entrapment defense in closing arguments by arguing that "Devin" repeatedly encouraged Petitioner to pursue a sexual relationship, despite his reluctance to do so. (Trial Tr. Vol. 3 at 105-112.) Petitioner's claim that his counsel failed to raise this defense is without merit.

### H.   Motion to Set Aside Verdict

Petitioner argues his counsel was ineffective because he failed to request that the Court set aside the jury's verdict because he was actually innocent. He states that because the person posing as Devin was not a minor or a law enforcement officer, he cannot be guilty of the charges.

The statues, however, do not require that a real minor be involved. Under §2422(b), the government need only prove that Petitioner intended to engage in sex acts with a minor and that he took substantial steps towards committing the crime. *See United States v. Farmer*, 251 F.3d 510, 512-13 (5th Cir. 2001). Likewise, under § 2423(b), the government must prove that Petitioner traveled for the purpose of having illicit sexual contact with a person he believed to be a minor, regardless of whether person was in fact a minor. *Tykarsky*, 446 F.3d at 469 (finding the clear wording of the statute does not require that an actual minor be involved). Petitioner's claim should be denied.

### I. Mitigating Evidence

Petitioner argues his counsel was ineffective because he failed to present mitigating or "humanizing" evidence during sentencing, and failed to challenge his classification as a "predator." Petitioner has submitted no argument or evidence regarding what further mitigating evidence his counsel should have presented. This claim is conclusory and should be denied.

### J. Appellate Counsel

Petitioner argues his appellate counsel was ineffective for failing to raise the claims contained in Petitioner's § 2254 petition. Petitioner, however, has failed to raise any meritorious claims in this petition. Petitioner's ineffective assistance of appellate counsel should be denied.

### 2. Various Claims

Petitioner claims he is actually innocent, the Court lacked jurisdiction, and the statutes under which he was convicted are unconstitutional. As discussed above, each of these claims is without merit and should be denied.

3. **Evidence**

Petitioner argues the Court erred when it admitted evidence from a hard drive found in Petitioner's car when he was arrested. The hard drive contained pornographic images entitled "sexy teen" which depicted a girl of unknown age, and prior Internet chats with an individual who claimed to be a 16 year old girl named Candi.

Petitioner argues the evidence should not have been admitted because it was highly prejudicial and had no probative value. He also states there is no evidence that the girl depicted in the "sexy teen" photos was a minor, or that the person named Candi was a minor.

The Court determined the evidence was admissible to show Petitioner's state of mind, or intent. (Trial Tr. Vol. 2 at 185.) The government was required to prove intent under both counts of the indictment. The evidence was also relevant to Petitioner's entrapment defense where Petitioner would argue that he lacked a predisposition to commit the offense. *Id.*; *United States v. Stephens*, 717 F.3d 440, 444 (5th Cir. 2013). Further, the Court determined that the probative value of this evidence was not substantially outweighed by any undue prejudice. (*Id.*) Petitioner's disagreement as to the probative weight or relevance of this evidence fails to establish Court error.

4. **Sentence**

Petitioner argues his sentence was greater than necessary and that the Court falsely labeled him a "predator." Petitioner states he was "a model member of society." (Pet. Mem. at 21.) Petitioner's disagreement with the sentence raises no cognizable claim under § 2255. His claim should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 24 day of Sept, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).